UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION (BOSTON)

| | | |
|---|---|---|
| BRIAN CHAVEZ, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. NO.: 1:12-10251 |
| | ) | |
| SPECIAL OFFICER ZACHOWSKI | ) | |
| and LONGWOOD SECURITY | ) | |
| SERVICES, INC. | ) | |
|     Defendants | ) | |

**DEFENDANTS', CHARLES ZUKOWSKI AND LONGWOOD SECURITY SERVICES, INC., REQUIRED DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, this is the initial disclosure of defendants Charles Zukowski ("Zukowski") and Longwood Security Services, Inc. ("Longwood").

1. Name, and if known, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response No. 1:**

Longwood's investigation, including discovery, is currently incomplete and on-going. Based upon the information currently available, Longwood believes that representatives and employees of other entities are likely to have discoverable information that Longwood may use to support its claims or defenses. In particular, Longwood believes that representatives/employees of Boston Police Department, CMJ Management, UMASS-Boston, US Security Services, and Dorchester House Multi Service Center are likely to have discoverable information. We have yet to fully explore the plaintiff's course of medical and psychological treatment, but we believe his medical providers would possess discoverable information. Further, former Longwood employees Matthew Schumman, 64 Granville Ave., Malden, MA, Rasson Isaac, 18 Parkview Ave., Dorchester, MA and John Farrell, 148 Colonel's Lane, Weymouth,

MA are likely to have discoverable information. Longwood's own employees are also likely to have discoverable information, including Martin Kenney. Kathy Monahan of the Dorchester House Multi Center is likely to have discoverable information. Longwood also asserts that the plaintiff, Brian Chavez, is also likely to have discoverable information. Longwood reserves its right to identify further individuals with discoverable information as their identities become known.

2. Copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**Response No. 2:**

The following is a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of Longwood and that Longwood may use to support its claims or defenses, unless solely for impeachment. The following are in the possession of the defendant and will be produced upon request.

- Harbor Point Community Incident Reports Nos. 432598, 337355, 356819, 426784, 427078, involving Brian Chavez

- Boston Police Report No. 080681169

- Longwood Security Personnel File for Charles Zukowski

- Longwood Security Personnel File for Matthew Schumman

- Longwood Guidebook for Employees

- Boston Police, Rule 400, Special Officers

- Longwood Training Program Description

- Longwood Training Materials

The defendant reserves the right to supplement this disclosure in a timely manner. In making this disclosure, the defendant hereby states that it does not waive, either expressly or impliedly, any attorney-client privilege, work product privilege, or any other applicable privilege.

3. Computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response No. 3:**

As Zukowski and Longwood are not making any claim for damages in this case, this is inapplicable except to the extent that Zukowski and Longwood reserve the right to request payment of reasonable attorneys' fees incurred during litigation as warranted by applicable law or governing local rules.

4. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response No. 4:**

The following insurance agreement may be applicable to satisfy part or all of the judgment which may be entered:

    a.    $1,000,000.00 occurrence coverage limit, Everest Indemnity Insurance Policy No. 51GL004294-081, for the period of September 27, 2008 through September 27, 2009.

    b.    The Defendant will make all insurance policies providing coverage available for inspection and copying.

The Defendants hereby attest that the above-stated disclosures are based on information reasonably available to it at the time of this document's submission. The Defendants reserve the right to

supplement this Initial Disclosure as additional information and documents become available through discovery.

                                Respectfully submitted,

                                **DEFENDANTS,**
                                By their attorneys,

DATE: May 3, 2012

                                /s/ Scott M. Carroll
                                Scott M. Carroll (BBO# 640852)
                                Patrick Driscoll, Jr. (BBO# 669560)
                                Boyle Shaughnessy & Campo, P.C.
                                695 Atlantic Avenue
                                Boston, MA 02111
                                (617) 451-2000
                                pdriscoll@bsctrialattorneys.com
                                scarroll@bsctrialattorneys.com

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 3rd day of May, 2012.

                                /s/ Patrick Driscoll