UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION (BOSTON)

| | |
|---|---|
| BRIAN CHAVEZ, )<br>    Plaintiff )<br> )<br>v. )<br> )<br>SPECIAL OFFICER ZACHOWSKI )<br>and LONGWOOD SECURITY )<br>SERVICES, INC. )<br>    Defendants ) | C.A. NO.: 1:12-10251 |

**DEFENDANT'S, CHARLES ZUKOWSKI, MOTION FOR PROTECTIVE ORDER TO QUASH PLAINTIFF'S PROPOSED KEEPER OF RECORD SUBPOENAE**

Now come the Defendants, Charles Zukowski and Longwood Security Services, Inc., and hereby move this Honorable Court to issue a protective order pursuant to Fed. R. Civ. P. 26 (c)(1), preventing the plaintiff from serving keeper of records subpoenas to Charles Zukowski's former employers, South Boston High School, and the Suffolk County Probate Court. As reasons therefore, such requests have no relevance to the plaintiff's allegations and can only reasonably be considered a "fishing expedition" by the plaintiff. Furthermore, the release and publication of Mr. Zukowski's personal records would place him at risk of physical harm. Mr. Zukowski continues to be employed as a special police officer in the same community where the plaintiff resides. The plaintiff is currently released on bail while awaiting trial on firearm and drug charges pending in the Boston Municipal Court-Central Division. The release of Mr. Zukowski's personal records would cause him undue harm by revealing his personal address, and those of family members, to the community that he serves as a special police officer.

**I.     Background**

On Friday, February 1, 2013, counsel spoke to plaintiff's counsel Neil Judd, regarding fact discovery in the above captioned matter.  During the telephone conference, Attorney Judd stated that his client intended to serve keeper of records subpoenas on the plaintiff's previous employers:  Home Depot, Eastern Nazerene College and Securitas, Inc.  Attorney Judd also informed defense counsel that he intended to serve a keeper of records subpoena to South Boston High School requesting Mr. Zukowski's academic and disciplinary records, as well as, a subpoena on the Suffolk County Probate Court for any and all documents regarding Mr. Zukowski's child support obligations.  During that February 1, 2013 conference call with Attorney Judd, the defendants informed the plaintiff of their intent to object to any such requests.  On February 7, 2013, defense counsel again conferred with plaintiff's counsel via telephone and placed them on notice of their intent to file this Motion for Protective Order to resolve this discovery dispute.

**II.    Argument**

The Court should issue a protective order preventing the plaintiff from serving keeper of record subpoenas on Charles Zukowski's former employers, academic institutions and the Suffolk County Probate Court, as such requests are not reasonably calculated to lead to discoverable evidence and would cause Mr. Zukowski harm by publishing his personal records to members of the community he serves as a special police officer.  Fed. R. Civ. P. 26 (c)(1) provides in pertinent part that a Court, may for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, by forbidding the disclosure of certain discovery or forbidding inquiry into certain matters.

      I.     <u>Charles Zukowski's Former Employment Records Are Irrelevant to the Plaintiff's Claims.</u>

The plaintiff's requests for Charles Zukowski's former employment records are irrelevant and amount to a fishing expedition by the plaintiff. As part of his automatic disclosures, Mr. Zukowski and Longwood Security produced Mr. Zukowski's complete personnel file for his employment at Longwood Security, absent redactions of Mr. Zukowski's personal information. Now Plaintiff's counsel has placed Mr. Zukowski on notice that he intends to serve keeper of records subpoenas to his former employers, Home Depot, Eastern Nazerene College, and Secuirtas, to obtain his personnel files. Mr. Zukowski's personnel files do not contain any information that is relevant to the Plaintiff's allegations that he was unlawfully arrested, assaulted and called a racial epithet by Mr. Zukowski.

The Court should issue a protective order preventing the plaintiff from serving keeper of records subpoenas on Mr. Zukowski's previous employers because the plaintiff's requests serve no legitimate purpose. Mr. Zukowski has already produced his personnel file from Longwood Security. Now, for reasons unknown to the Defendants, the Plaintiff believes that Mr. Zukowski's previous employers hold information that may prove or disprove a fact regarding the Plaintiff's allegations. The plaintiff is attempting to engage in a fishing expedition in an effort to harass Mr. Zukowski in hoping to reveal embarrassing information about Mr. Zukowski's past.

  II. <u>Charels Zukowski's Academic and Disciplinary Records from South Boston High School Are Irrelevant.</u>

Similar to the Plaintiff's request for Mr. Zukowski's employment records, Mr. Zukowski's academic and disciplinary records from South Boston High School have no relevance to the disputed issues in the case at bar. Plaintiff's counsel has placed the Defendants on notice that he intends to subpoena Mr. Zukowski's academic and disciplinary records from South Boston High School. First, Mr. Zukowski has a privilege against the release of any records from South Boston High School being disseminating any records without his assent, as Mr. Zukowski was a minor when he attended South

Boston High School. Furthermore, a response from South Boston High School would contain medical information protected by HIPPA.

The Court should issue a protective order preventing the plaintiff from obtaining Mr. Zukowski's academic and disciplinary file from South Boston High School. One would need to perform legal gymnastics to understand why Mr. Zukowski's school records as a minor would be relevant to the plaintiff's allegations against Mr. Zukowski. At best the plaintiff's request is meant to harass Mr. Zukowski, at worse it is meant to intimidate Mr. Zukowski by publishing his personal information to members of the community he serves as a special police officer.

### III.   Records from the Suffolk County Probate Court are Irrelavant.

The Court should enter a protective order preventing the Plaintiff from obtaining records from the Suffolk County Probate Court as the plaintiff's request is irrelevant and meant to harass and embarrass Mr. Zukowski. At his deposition, plaintiff's counsel asked a number of questions about Mr. Zukowski's child support obligations. At that time, defense counsel objected to the relevance of such questioning and plaintiff's counsel moved onto other subject matters. Now, plaintiff's counsel has stated to defense counsel that he intends to serve a keeper of records subpoena on the Suffolk County Probate Court for all dockets concerning Mr. Zukowski's child support obligations. When asked what the purpose was for Mr. Zukowski's child support obligations, plaintiff's counsel responded that it was to determine whether Mr. Zukowski had a history of ignoring court orders. Such a purpose cannot be considered relevant in the case at bar.

For the above-referenced reasons, Mr. Zukowski's employment, academic records, and child support obligations are irrelevant to the case at bar, and such requests can only be considered an effort by the plaintiff to annoy and harass Mr. Zukowski.

    IV.    <u>Dissemination of the Charles Zukowski's Personal Information Will Place His Safety in Jeopardy.</u>

The Court should issue a protective order, preventing the plaintiff from acquiring Mr. Zukowski's personal information to ensure Mr. Zukowski's safety. The Defendants have good cause to believe that the Plaintiff is a dangerous individual. Days after the plaintiff's deposition, the plaintiff was arrested on drug and firearm charges after he allegedly attempted to flee from police. The plaintiff was observed by the Boston Police associating with an individual who allegedly threatened physical harm to a Suffolk County Assistant District Attorney. A subsequent search of the plaintiff's home at 80 Westwind Road, Dorchester, MA resulted in the removal of several firearms and ammunition. The plaintiff is currently released on bail while awaiting trial in the Boston Municipal Court-Central Division for firearm and drug charges.

The release of Mr. Zukowski's personal information through keeper of record subpoenas to his former employers, academic institutions and the Suffolk County Probate Court will place Mr. Zukowski's personal safety in jeopardy. Mr. Zukowski continues to serve as a special police officer in the HarborPoint Community where the plaintiff and his family resides. Longwood Security and Mr. Zukowski have a special interest in concealing the personal information of their special police officers from the community at large. By disseminating Mr. Zukowski's personal information, Mr. Zukowski will suffer extreme prejudice by no longer serving HarborPoint with the same sense of security as he has previously enjoyed.

**III.    Conclusion**

For all of the above-mentioned reasons, the Defendants move this Honorable Court to enter a Protective Order to prevent the plaintiff from serving keeper of record subpoenas to the plaintiff's previous employers, academic institutions and the Suffolk County Probate Court.

THE DEFENDANTS,
CHARLES ZUKOWSKI &
LONGWOOD SECURITY SERVICES, INC.,
BY THEIR ATTORNEYS,

Date: 2/7/13             /s/ Patrick Driscoll
                         Scott M. Carroll, BBO# 640852
                         Patrick Driscoll, BBO# 669560
                         Boyle, Shaughnessy & Campo, P.C.
                         695 Atlantic Avenue
                         Boston, MA 02111
                         (617) 451-2000
                         FAX: (617) 451-5775

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 7th day of February, 2013.

/s/ Patrick Driscoll