UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION (BOSTON)

| | |
|---|---|
| BRIAN CHAVEZ,<br>    Plaintiff<br><br>v.<br><br>SPECIAL OFFICER ZACHOWSKI<br>and LONGWOOD SECURITY<br>SERVICES, INC.<br>    Defendants. | C.A.: 1:12-10251 |

## OPPOSITION TO DEFENDANT CHARLES ZUKOWSKI'S, MOTION FOR PROTECTIVE ORDER TO QUASH PLAINTIFF'S PROPOSED KEEPER OF RECORD SUBPOENAS

Now comes Plaintiff, Brian Chavez, and hereby moves this Honorable Court to deny the protective order requested by Defendant. The requested information is not protected and will lead to discoverable information. This litigation involves Defendant Zukowski within the scope of his employment with Longwood Security Services committing assault, battery, malicious prosecution, false imprisonment, abuse of process, intentional or reckless infliction of emotional distress and violation of 42 U.S.C. Sec 1983. All documents requested are relevant, as employment records regarding his former security jobs and conduct is relevant, his propensity to follow court orders is relevant, and his disciplinary record while attending high school is relevant to the litigation as it may show his character for violence.

Further, Defense Counsel's reference to any pending criminal charges of Mr. Chavez is unwarranted and lacks any foundation to be brought into this matter. As Defense Counsel is aware Mr. Chavez is innocent until proven guilty, and further based

on the federal rules of evidence there can be no mention of any pending charges against Mr. Chavez as same is **not** admissible in the present litigation.

### I. Background

On February 1, 2013, Plaintiff counsel informed Defense Counsel Patrick Driscol of intentions to serve keeper of records subpoenas on Defendant Charles Zukowski's former employers, Suffolk County Family and Probate Court, and South Boston High School. Attorney Driscoll expressed his intention on filing an objection to said keeper of records subpoena. Motion for protective order was filed with the Court on February 7, 2013.

### II. Argument

This Honorable Court should deny the motion for protective order in full. "Discovery is to be considered relevant where there is any possibility that the information sought may be relevant to the subject matter of the action." *Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D.Pa.1979) quoting United States v. International Business Machines Corp., 66 F.R.D. 215, 218 S.D.N.Y. 1974).*

   a. Former Employment Record

The present causes of action are for assault, battery, malicious prosecution, abuse of process, intentional or reckless infliction of emotional distress, false imprisonment, and §1983 violations all which occurred while Defendant Zukowski was employed by Defendant Longwood Security as a special officer. Mr. Zukowski's personnel records from former employers as a security officer are relevant to the issues at hand in the present litigation, and will lead to relevant information. There is no protected or privileged information contained within the requested files.

Defendant Zukowski's personnel files are relevant to the present litigation, and this Honorable Court should Deny Defendants motion for protective order regarding past employment.

### b. Suffolk County Probate and Family Court

The Court should deny the protective order preventing Plaintiff from obtaining records from Suffolk County Probate Court as they are likely to contain relevant information. As a Special Officer of the Boston Police Department, Defendant Zukowski took an oath to uphold the law. All files from the Probate Court will indicate if Defendant Zukowski was given any court orders, and any refusal to follow the court orders. This evidence may show Defendant Zukowski's propensity to violate the law and court orders.

This Honorable Court should deny the motion for protective order as to the Suffolk County Probate Family Court as the information is relevant and contains no protected or privileged information.

### c. Academic and Disciplinary Records from South Boston High School

This Honorable Court should deny the Defendants motion for protective order on South Boston High School records. The information contained in the records is relevant and will lead to admissible information. The disciplinary records of Defendant Zukowski is relevant as it will show his propensity to be follow rules established by the school and people in a position of authority all which is relevant in the present litigation. Further, the information requested is relevant to the character of Defendant Zukowski.

## III. Conclusion

Defense Counsel's claim of safety is uncalled for and extremely prejudicial. There has never been any threat against Defendant Zukowski or his family, and in fact

Defendant Zukowski remains employed at the complex where Mr. Chavez lives without incident. Pending criminal charges have no relevance to this matter. Defense Counsel is attempting to create a smoke screen to hide relevant information to the present litigation. Defendant has failed to meet the standard required for protective order. *See Phillips v. GMC, 307 F.3d 1206 (2001).* "The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id at 1210-1211.*

For all the above-stated reasons, Plaintiff moves this Honorable Court to deny the Protective Order and allow Plaintiff to serve all keeper of record subpoenas to former employers, South Boston High School, and Suffolk County Family and Probate Court.

Plaintiff, Brian Chavez
by his attorneys,

_____
Saba B. Hashem, Esq.
BBO# 642104
sbh@lawyeradvocates.com
D'Angelo & Hashem, LLC
401 Andover Street, Suite 202
North Andover, MA 01845
Ph. (978) 687-8100

Dated: February 15, 2013

### Certificate of Service

I hereby certify that this document filed thought CM/ECF system will be sent to the registered participants as identified on the NEF on this 15th day of February, 2013

_____
Saba Hashem