UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN CHAVEZ,                          )
                                       )
            Plaintiff,                 )
      v.                               )      CIVIL ACTION
                                       )      NO. 12-10251-JGD
SPECIAL OFFICER ZACHOWSKI              )
and LONGWOOD SECURITY                  )
SERVICES, INC.,                        )
                                       )
            Defendants.                )

**SCHEDULING ORDER AND ORDER ON
DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

On March 11, 2013, this court held a status conference pursuant to Fed. R. Civ. P.

16(a) and a hearing to consider "Defendant's, Charles Zukowski, Motion for Protective

Order to Quash Plaintiff's Proposed Keeper of Record Subpoenae" (Docket No. 23).

After consideration of the parties' submissions and their oral arguments, this court hereby

ORDERS as follows:

1.      "Under Fed. R. Civ. P. 26(c) a party may seek a protective order to prevent

or limit discovery in order to avoid 'annoyance, embarrassment, oppression, or undue

burden or expense.'"  Braga v. Hodgson, 605 F.3d 58, 59 (1st Cir. 2010).  "The district

court has 'broad discretion' to decide 'when a protective order is appropriate and what

degree of protection is required[.]'"  Poliquin v. Garden Way, Inc., 989 F.2d 527, 532

(1st Cir. 1993) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S. Ct. 2199,

2209, 81 L. Ed. 2d 17 (1984)).  In the instant case, the plaintiff has failed to articulate

how his proposed third-party subpoenas "appear[ ] reasonably calculated to lead to the discovery of admissible evidence[,]" as required under Fed. R. Civ. P. 26(b)(1). Accordingly, the proposed discovery appears to be little more than a "fishing expedition," which supports the issuance of a protective order. See Braga, 605 F.3d at 60 (affirming grant of protective order where plaintiff's request for discovery "was not reasonably calculated to yield discoverable materials and was instead closer to a fishing expedition"). The defendant's motion for a protective order is therefore ALLOWED subject to paragraph 2 below.

2.      The plaintiff is authorized to serve an interrogatory on Officer Zukowski which requests information as to whether the defendant has been disciplined for or accused of excessive force within the last 5 years in connection with any of his employment.  In the event the plaintiff receives an affirmative response to any such interrogatory, he may then seek permission from the court to pursue third-party discovery.  3.      The parties shall comply with the following schedule:

     a.      As agreed, the parties shall complete any fact witness depositions, including any depositions of the named parties, by **April 1, 2013**.

     b.      Any motions regarding discovery disputes shall be filed by **April 1, 2013**.

     c.      The plaintiff shall serve any expert disclosures, pursuant to Fed. R. Civ. P. 26(a)(2), by **May 17, 2013**.

     d.      The defendants shall complete any depositions of the plaintiff's experts by **June 17, 2013**.

e.  The defendants shall serve any expert disclosures, pursuant to Fed. R. Civ. P. 26(a)(2), by **July 3, 2013**.

f.  The plaintiff shall complete any depositions of the defendants' experts by **August 2, 2013**.

g.  Any dispositive motions shall be filed by **September 3, 2013**. Oppositions to any such motions shall be filed within 14 days after the filing of the motion.

h.  Any concise statement of material facts that is filed pursuant to Local Rule 56.1 in opposition to a motion for summary judgment shall include numbered paragraphs admitting or denying, paragraph by paragraph, the facts contained in the moving party's concise statement of material facts.

4.  The next status conference will take place on **May 1, 2013 at 10:00 a.m.** in Courtroom #15 on the 5th floor.  At that time, the parties shall be prepared to discuss:

(i)   the status of the case;
(ii)  scheduling for the remainder of the case through trial; and
(iii) the use of alternative dispute resolution ("ADR") programs.

5.  The parties shall submit a brief joint statement not later than five (5) business days before the conference addressing the issues itemized in paragraph 4 above, With respect to the use of ADR, the parties shall indicate whether an agreement has been reached, but shall not identify their respective positions.

                                          / s / Judith Gail Dein
                                          Judith Gail Dein
Dated:  March 11, 2013                    United States Magistrate Judge