UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION (BOSTON)

| | | |
|---|---|---|
| BRIAN CHAVEZ,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | **C.A.: 1:12-10251** |
| | ) | |
| SPECIAL OFFICER ZACHOWSKI<br>and LONGWOOD SECURITY<br>SERVICES, INC.,<br>Defendants. | ) | |

**TRIAL BRIEF OF PLAINTIFF BRIAN CHAVEZ**

## PRELIMINARY STATEMENT

The issue to be determined at trial is whether the Defendants, Charles Zukowski and Longwood Security Services, Inc., violated Brian Chavez's constitutional rights when Mr. Chavez was wrongfully detained, searched and arrested by Security Officer Zukowski on November 24, 2008. Security Officer Zukowski was employed by Longwood Security Services, Inc. at the time of the arrest.

The Plaintiff expects the testimony to prove Plaintiff Chavez was illegally and unjustly detained, searched and held in handcuffs outside in the cold for an extended period of time without cause. Plaintiff also expects the testimony to show that Security Officer Zukowski unlawfully restrained Plaintiff using unreasonable force and arrested Mr. Chavez without probable cause. Moreover, the testimony will demonstrate that Security Officer Zukowski was acting under color of law as he was a sworn special officer of the Boston Police Department employed by Defendant Longwood Security Services, Inc. at the time of the incident.

## REQUESTED RULINGS OF LAW

This Court should grant the Plaintiff's *Motions in Limine* to exclude defendant's evidence as outlined in Plaintiffs motions because it is irrelevant, prejudicial, and designed to confuse the jury. The Court should exclude irrelevant evidence pursuant to Rule 401 of the Federal Rules of Evidence ("FRE"). All evidence listed in the *Motion in Limine* should be excluded as substantially more prejudicial than probative under FRE 403.

This Court also should sequester witness Matthew Schumman from the Courtroom during all testimony except his own under FRE 615. Mr. Schumman is a fact witnesses present at the time of incident and must be precluded from tailoring his testimony to any other testimony.

This Court should grant Plaintiffs Motion in Limine to exclude any party called by the Defense from providing any expert testimony. No party has been disclosed as an expert by the Defense under Fed.R.Civ. P. 26(a)(2), and therefore, no expert testimony may be allowed.

This Court should adopt the jury instructions and verdict slip supplied by the Plaintiff to the Court. The case law is clear that the instructions as laid out by the Plaintiff are adequate and appropriate.

## CONCLUSION

The actions of Defendants constitute a violation of the Plaintiffs constitutional rights. This Court should rule in favor of Plaintiff *Motion in Limine* and adopt the jury instructions of the Plaintiff.

The Plaintiff,
Brian Chavez,
By His Attorneys,

/s/ Saba Hashem

______________________________

Saba Hashem, Esq.
BBO# 642104
sbh@lawyeradvocates.com
D'Angelo & Hashem
401 Andover Street, Suite 202
North Andover, MA 01845
(978) 687-8100
shashem@lawyeradvocates.com

Dated: November 4, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/EFC system will be sent this day to the registered participants as identified on the NEF.

/s/ Saba Hashem
Saba Hashem