UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION (BOSTON)

| | | |
|---|---|---|
| BRIAN CHAVEZ,<br>Plaintiff<br><br>v.<br><br>SPECIAL OFFICER ZACHOWSKI<br>and LONGWOOD SECURITY<br>SERVICES, INC.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 1:12-10251 |

**JOINT PRE-TRIAL MEMORANDUM**

**A. Defendants, Charles Zukowski & Longwood Security Services, Inc., Summary of Evidence**

The Defendants deny the plaintiff's claims of assault, battery, malicious prosecution, abuse of process, intentional or reckless infliction of emotional distress, false imprisonment, violation of 42 U.S.C. Sec. 1983 and violation of Mass. Gen. laws ch. 12, sec. 11. At trial the Defendants expect the evidence will show that Special Police Officer Charles Zukowski had probable cause to detain the plaintiff for violations of established parking rules and that he properly issued criminal process on November 24, 2008. Further, the plaintiff's various claims that he was battered and subjected to a racial slur by Defendant Zukowski are false. Finally, the evidence will show that after his lawful arrest, the plaintiff was release and given the benefit of appearing at clerk-magistrate's hearing, contrary to his claims of malicious prosecution and abuse of process.

**B. Plaintiff Brian Chavez's Summary of Evidence**

Plaintiff claims that Charles Zukowski and Longwood Security violated his civil rights, as well as other common law tort claims. The Plaintiff expects the evidence to show that Mr. Chavez was lawfully at the Harbor Point Apartment Complex on November 24, 2008, and Mr. Zukowski unlawfully detained and searched Mr. Chavez, and placed him under arrest without probable cause. The Plaintiff expects the evidence to show Mr. Chavez was unlawfully detained. The Plaintiff expects the evidence to show that Mr. Chavez was unlawfully held for an hour outside sitting on the ground in the cold. Plaintiff expects the evidence to show that as a direct result of the actions of Mr. Zukowski and Longwood Security Services, Inc. Mr. Chavez suffered harms for which he is entitled to be compensated as a direct result of the over reaching actions of the overly zealous Longwood Security Officer Zukowski.

**C. Statement of Established Facts**

None at this time.

**D. Factual Issues In Dispute**

The Defendants deny that the plaintiff was improperly detained. The Defendants deny that the plaintiff was assaulted, battered or subjected to a racial slur as alleged in the Plaintiff's Complaint. The Defendants deny that the plaintiff was subjected to a malicious prosecution or abuse of process. The Defendants deny that the plaintiff sustained any damages or injuries as asserted in his Complaint.

The Plaintiff claims that the Defendants violated his civil rights when he was unlawfully detained and subject to an unlawful arrest. The Plaintiff claims that he was assaulted, battered, and subjected to a racial slur during the unlawful detention. The Plaintiff claims he was subject to malicious prosecution and abuse of process by the Defendants. The Plaintiff claims he has suffered damages as a result of November 24, 2008.

**E. Jurisdictional Questions**

The Parties agree that the United Stated District Court for the District of Massachusetts is the appropriate jurisdiction and venue to resolve this matter.

This matter was filled in Massachusetts Superior Court in Suffolk County and was removed by the defendant to the Federal Court.

**F. Questions Raised by Pending Motions**

At this time there are no pending motions before the Court. However, the plaintiff has only disclosed their proposed exhibit list to counsel on October 30, 2013. Further, the plaintiff has provided the Defendants with an incomplete set of proposed exhibits. As such, the Defendants are reserving their right to request the Court to exclude any exhibits not produced in a timely fashion.

Plaintiff has a *Motion in Limine* before the Court to address irrelevant and prejudicial evidence that the Defendants seek to introduce. Further, Plaintiff has a *Motion in Limine* to sequester Matthew Shumman from the courtroom during testimony under FRE 615. The final *Motion in Limine* filed by Plaintiff is to exclude any expert testimony by witnesses called by or on the behalf of Charles Zukowski and Longwood Security Services, Inc.

**G. Issues of Law and Evidentiary Questions**

The Defendants that that the following issues of law are unresolved.

I. <u>Admissibility of Plaintiff's Prior & Subsequent Bad Acts</u>

It is the position of the Defendants that the plaintiff's allegations that he was assaulted, battered and subjected to a racial slur are fabricated. Discovery has revealed that the plaintiff has a long and

documented history of disdain for police officers. The Defendants pursuant to FRE 404(3)(b)(motive as exception to FRE 404 regarding inadmissibility of character evidence), 607(impeachment), 608(evidence of character) and 609(impeachment by conviction) intend to introduce the plaintiff's prior and subsequent bad acts to show that he was motivated to fabricate these allegations due to his disdain of police officers.

Notably, within the Plaintiff's Initial Disclosures are medical records that reveal in 2005 the plaintiff accused a Boston Police Officer of "roughing him up" and knocking him off a dirt bike. After the 2005 incident involving a Boston Police Officer, the plaintiff sought treatment due to the anxiety and anger he allegedly experienced from the same medical providers he received "treatment" from after the November 24, 2008 incident. Notably, the plaintiff told his treating physicians on several occasions in 2005 and 2006 that he has "increasing anger towards police officers" and that it "makes him angry to see police officers labeled as heroes."

Additionally, the November 24, 2008 incident which is the subject of the Plaintiff's Complaint refers to an incident involving the Plaintiff's use of his "father's" vehicle. Both prior and subsequent to November 24, 2008, CMJ Management, the management company for the HarborPoint, disclosed a number of incidents where the plaintiff was confrontational with other Longwood Security Officers and a CMJ staff regarding parking on the premises. These incidents reveal that the Plaintiff not only continually disregarded the parking regulations at HarborPoint before and after the incident, but also acted in a belligerent manner consistent with his conduct on November 24, 2008.

The Plaintiff has a long history of arrests for drug offenses. Presently, the Plaintiff is awaiting trial on felony drug distribution charges and firearm offenses in Suffolk County. Just a week after his deposition in this matter, the plaintiff was arrested on September 7, 2012 with several individually wrapped bags of marijuana and loaded handgun underneath the diver's seat of the same car involved in the November 24, 2008 incident. A subsequent search of the plaintiff's apartment at HarborPoint, the incident locus, caused the ATF to remove several firearms and ammunition from the plaintiff's apartment that he shares with his mother. The fact of this incident is impeachment evidence and is relevant to the plaintiff's claims that the November 24, 2008 incident affected his academic performance (he was dismissed from UMASS-Boston as a result of the September 2012 arrest). The evidence also tends to show that any anxiety the plaintiff claims is connected to the November 24, 2008 incident is actually caused by his fear of being apprehended by police while engaging in drug-related activity. Notably, the plaintiff's prior medical records show that the plaintiff on a number of occasions in 2005 and 2006 discussed the stress and anxiety he experienced due to upcoming court matters regarding his drug offenses with his treating physicians.

Finally, the Defendants have obtained subsequent police reports where the plaintiff has acted in the same belligerent manner towards police officers as described in Officer Zukowski's November 24, 2008 incident report. The Plaintiff has admitted in his answers to interrogatories that he called Officer Zukowski a "dickhead" on more than one occasion prior to his arrest. Similarly, on December 30, 2010, during a motor vehicle stop and drug investigation, the plaintiff acted belligerently towards officers and called another Longwood Security Officer a "dickhead." Such conduct contradicts the plaintiff's claims that he experiences anxiety and is fearful of police officers as a result of the November 24, 2008 incident and shows that the plaintiff has an ongoing pattern of being disrespectful to police officers.

Pursuant to Federal Rules of Evidence 404(3)(b)(motive as exception to FRE 404 regarding inadmissibility of character evidence), 607(impeachment), 608(evidence of character) and 609(impeachment by conviction), the plaintiff's prior and subsequent acts should be admitted to not only permit the fact-finder to weigh the plaintiff's credibility, but also to show that he was motivated to fabricate these allegations as he is pre-disposed to disliking police officers. The plaintiff has only recently disclosed to the defendants that he will not be introducing any medical records regarding the alleged treatment he received after the November 24, 2008 incident, which is contradictory to the plaintiff's pleadings and discovery conducted in this matter. This is clearly a tactic that can only be considered as a ploy by the plaintiff to shield his prior history of disdain of police officers from the fact-finder. The medical records of the plaintiff's showing the plaintiff's "anger" towards police officers are plainly relevant to showing that the plaintiff has a motive beyond financial recovery for making these allegations.

Finally, the admission of character evidence to both show motive and to impeach the Plaintiff is appropriate under these circumstances. The Plaintiff does not have any claims pending against him. The restrictions of admitting character evidence are for the purpose of protecting the accused. Here, the Plaintiff faces no claims against him, and therefore it is appropriate to allow the fact-finder to know that the plaintiff has made similar accusations against police officers in the past, has a history of being belligerent towards officers, has sought medical treatment because of his disdain for police officers, and has continued after the November 24, 2008 incident to engage police in confrontations, such as, the November 24, 2008 incident.

II. The Plaintiff asserts the following issues are unresolved

The Defendants seek to introduce evidence that must be excluded under FRE 401, 402, and 403. Plaintiff refers to the Court to the Plaintiff's *Motions in Limine* in support of excluding the evidence intended to be introduced by Defendants.

## H. Requested Amendments to the Pleadings

Pursuant to the Memorandum of Conference Per F.R.C.P. 26(F) and Local Rule 16.1 dated April 6, 2013 where the Parties agreed to amend the pleadings if necessary or desirable, and where the Defendants explicitly reserved their right to amend the pleading as necessary, the Defendants request the following affirmative defenses to be added to their answer:

At all times the Defendants, Charles Zukowski and Longwood Security, acted in good faith towards the Plaintiff, Brian Chavez.

The Plaintiffs claims must be dismissed as the Defendants, Charles Zukowski and Longwood Security are entitled to qualified immunity.

Plaintiff request that Pleading be amended to change the caption of the case to "Brian Chavez v. Charles Zukowski and Longwood Security, Inc."

## I. Additional Matters to Aid in the Disposition of the Action

The Defendants are not offering additional materials to the Court at this time.

The Plaintiff is not offering additional materials to the Court at this time.

**J. Length of Trial**

The Parties expect that the evidence will be concluded within 5 full days.

**K. Witnesses**

The Defendants intend to call the following witnesses:

1) Charles Zukowski, 7 Gavin Way, Apt. 533, South Boston, MA 02127;
2) Matthew Schumman, 64 Granville Ave., Malden, MA;
3) Rasson Isaac, 18 Parkview Ave., Dorchester, MA;
4) John Farrell, 148 Colonel's Lane, Weymouth, MA;
5) Heidi Fallon, 16 Fletcher Street, Ayer, MA;
6) Margarita Chavez, 80 Westwind Road, Dorchester, MA 02125;
7) Associate Dean of Students at UMASS-Boston, Mark Jannoni;
8) Keeper of Records for:
    a. UMASS-Boston, 100 Morrissey Boulevard, Dorchester, MA 02125
    b. US Security Services, 1 Harbor Point Boulevard, Dorchester, MA 02125
    c. Corcoran Jennison, 150 Mount Vernon Street, Dorchester, MA 02125
    d. Dorchester House Multi-Service Center, 1353 Dorchester Avenue, Dorchester, MA 02122
    e. Boston Police Department, One Schroeder Plaza, Boston, MA 02120.
9) Defendants reserve the right to call any and all witnesses listed on the plaintiff's witness list.
10) Defendants reserve the right to call rebuttal witnesses, as permitted by the court, not listed at this time.

The plaintiff intends to call the following witnesses:

1. Brian Chavez, Plaintiff,
   95 Brunswick Street, Dorchester, MA;

2. Margarita Chavez, Mother of Plaintiff,
   80 Westwind Road, Dorchester, MA;

3. Charles Zukowski, Defendant,
   7 Gavin Way, Apt. 533, South Boston, MA;

4. Matthew Schumman, Boston Police Officer contacted to assist Charles Zukowski,
   7 Gavin Way, Apt. 533, South Boston, MA;

5. Chester Veloz, Witness;
62 Westwind Road, Dorchester, MA;

6. John Connolly, President of Defendant Longwood Security Services, Inc..;
429 Newbury Street (Address of Defendant Longwood Security Services, Inc.), Boston, MA

7. Wayne F. Lanchester, Boston Police Officer that approved the Boston Police Incident Report dated November 24, 2008,
Residential Address Unknown

8. Keeper of the Records, Longwood Security Services, Inc.
429 Newbury Street
Boston, MA

9. The Plaintiff reserves the right to call any and all witnesses listed on the Defendants' witness list;

10. The Plaintiff reserves the right to call rebuttal witnesses not listed at this time; and

11. The Plaintiff reserves the right to amend and make deletions from this list, as permitted by the Court.

**L. List of Agreed Upon Exhibits by Parties**

| | |
|---|---|
| A | Boston Police Incident Report. Complaint #080681169. Incident dated November 24, 2008. |
| S | Harbor Point Crime Report, Disorderly Conduct, dated November, 24, 2008. |
| QQ | Harbor Point on the Bay: Site Map, undated. |
| RR | Hand-drawn illustration of South Point Drive, undated |

**M. List of Exhibits to be Offered at Trial by Defendants, Longwood Security and Charles Zukowski**

| | |
|---|---|
| A | Boston Police Incident Report. Complaint #080681169. Incident dated November 24, 2008. |
| B | Copy of Harbor Points visitor parking pass, dated November 20 and 24, 2008. |
| C | Report of Kathy Monahan, LMHC, dated July 19, 2005. |

| | |
|---|---|
| D | Report of Kathy Monahan, LMHC, dated August 17, 2005. |
| E | Report of Kathy Monahan, LMHC, dated September 7, 2005. |
| F | Report of Kathy Monahan, LMHC, dated June13, 2006. |
| G | Report of Kathy Monahan, LMHC, dated September 26, 2006. |
| H | Report of Kathy Monahan, LMHC, dated November 21, 2006. |
| I | Report of Elizabeth Drury, RNCS, dated July 27, 2006 |
| J | Report of Elizabeth Drury, RNCS, dated August 24, 2006. |
| K | Report of Peter Loewinthan, MD, dated July 7, 2005. |
| L | Report of Peter Loewinthan, MD, dated June 6, 2006. |
| M | Harbor Point Parking Rules & Regulations |
| N | Harbor Point Incident Report #59739, dated September 7, 2012. |
| O | Boston Police Incident Report. Complaint # 120560114. Incident dated September 7, 2012. |
| P | Boston Police Incident Report. Complaint # 120560533. Incident dated September 7, 2012. |
| Q | Harbor Point Crime Report, Drug Violation, dated April 25, 2008. |
| R | Harbor Point Tow Report, dated September 4, 2008. |
| S | Harbor Point Crime Report, Disorderly Conduct, dated November, 24, 2008. |
| T | Harbor Point General Report, Notice Delivery, dated February 2, 2010. |
| U | Harbor Point General Report, Complaint, dated July 9, 2010. |
| V | Harbor Point Crime Report, Drug Violation, dated November 9, 2010. |
| W | Harbor Point General Report, Unusual Activity, dated November 11, 2010. |
| X | Harbor Point Crime Report, Drug Violation, dated December 30, 2010. |
| Y | Formal Demand Letter from D'Angelo & Hashem, LLC to Harbor Point Management, dated July 7, 2004. |

| | |
|---|---|
| Z | Letter from Harbor Point property administrator Roger Wilwerth to Margarita Chavez, dated December 9, 2005. |
| AA | Letter from Harbor Point property manager Paul Rogan to Margarita Chavez and Brian Chavez, dated May 7, 2007. |
| BB | Letter from Harbor Point property manager Heidi Fallon to Margarita Chavez, dated June 19, 2007 |
| CC | Letter from Lilliam Pabon, RNCS, of Dorchester House, dated June 29, 2007. |
| DD | Letter from Harbor Point property manager Heidi Fallon to Margarita Chavez, dated June 29, 2007 |
| EE | Letter from Harbor Point property manager Heidi Fallon to Margarita Chavez, dated June 29, 2007 |
| FF | Memorandum of Harbor Point housing manager Luz Mendoza to file of Margarita Chavez. |
| GG | Letter from Harbor Point property manager Heidi Fallon to Margarita Chavez, dated January 10, 2008. |
| HH | Email from Heidi Fallon to Rasson Isaac and John Farrell, dated July 2, 2008. |
| II | Letter from Harbor Point property manager Heidi Fallon to Margarita Chavez, dated December 5, 2008. |
| JJ | Letter from Margarita Chavez to Harbor Point property manager Heidi Fallon , dated June 8, 2009 |
| KK | Letter from Margarita Chavez to Harbor Point property manager Heidi Fallon, dated June 8, 2009. |
| LL | Release and Settlement of Claim Form of Brian Chavez by Liberty Mutual. **Unsigned, Undated.** |
| MM | Academic Transcript. |
| NN | Boston Police Incident Report. Complaint #060303332. Incident dated June 8, 2006. |
| OO | Federal Bureau of Investigation, Criminal Justice Information Services Division. Boston Police Department Request. Request dated June 9, 2006. |
| PP | Certified Copy of Criminal Court Docket # |

| | |
|---|---|
| | 1201JC000631-7 |
| QQ | Harbor Point on the Bay: Site Map, undated. |
| RR | Hand-drawn illustration of South Point Drive, undated |

**N. List of exhibits to be offered by Plaintiff**

| NUMBER/LETTER | DESCRIPTION |
|---|---|
| A | Boston Police Incident Report, Complaint #080681169. Incident dated November 24, 2008 |
| B | Copy of Harbor Point visitor parking pass, dated November 24, 2008 |
| C | Boston Police Department Rules and Procedures, Rule 400, August 15, 2007 |
| D | Harbor Point Crime Report, Disorderly Conduct, dated November 24, 2008 |
| E | Harbor Point on the Bay: Site Map, Undated |
| F | Hand-drawn illustration of South Point Drive, Undated |
| G | Application for Criminal Complaint, Filed November 24, 2008 |
| H-1 and H-2 | Photographs of HarborPoint |
| I | Google Map and Directions, 80 Westwind Drive, Boston, MA to 1 S. Point Drive, Boston, MA |
| J | Longwood Employment Manual |
| K | Longwood Training Manual |

**O. Remaining Objections**

The plaintiff has not submitted a complete exhibit list with complete copies of exhibits pursuant to Judge Dein's August 12, 2013 order. The Defendants reserve the right to seek sanctions, up to and including exclusion of any and all exhibits not produced to the Defendants in a timely fashion.

THE DEFENDANTS,
CHARLES ZUKOWSKI &
LONGWOOD SECURITY SERVICES, INC.,
BY THEIR ATTORNEYS,

Date: 11-4-13

Scott Carroll

Scott M. Carroll, BBO# 640852
Patrick Driscoll, BBO# 669560
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

The Plaintiff,
Brian Chavez,
By His Attorneys,

/s/ Saba Hashem

Saba Hashem, Esq.
BBO# 642104
sbh@lawyeradvocates.com
D'Angelo & Hashem
401 Andover Street, Suite 202
North Andover, MA 01845
(978) 687-8100
shashem@lawyeradvocates.com

Dated: November 4, 2013