UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIAN CHAVEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-10251-JGD |
| SPECIAL OFFICER ZACHOWSKI and LONGWOOD SECURITY SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

After careful consideration of the pleadings and arguments of the parties, Plaintiff's Motion in Limine #1 (Docket No. 35) is hereby ALLOWED IN PART and DENIED IN PART as follows. With respect to any of the documents for which this court has deferred ruling, the defendants shall not refer to any of these documents in their opening, and shall seek court approval before attempting to use these documents for any purpose. In addition, nothing herein shall preclude the defendants from using documents deemed inadmissible herein for impeachment purposes, provided that prior court approval is obtained.

| Exhibit | Order |
|---|---|
| C-J | Assuming, arguendo, that these records were created by individuals to whom the psychotherapist-patient privilege applies, I find that the plaintiff has waived the privilege by the voluntary production of these records as part of his Initial Disclosures in this litigation, and by failing to object to the defendants' subpoena to the Dorchester House Multi-Service Center. See Disability Law Ctr. v. Mass. Dep't of Corr., No. 07-10463, 2010 WL |

3199883, *1 (D. Mass. Aug. 12, 2010) ("Like any privilege, the psycho-therapist-patient privilege can be waived, either expressly or through implication, from any conduct or disclosure that is inconsistent with the maintenance of the privilege.") (internal quotations omitted).  The fact that the plaintiff has now decided to limit his claim to "garden variety emotional distress damages" does not alter this conclusion.  Not only did the plaintiff seek, at least initially, to use the records for his own benefit, but the disclosure to a third-party, i.e., the defendants, also constitutes a waiver of the privilege.  See Vanderbilt v. Chilmark, 174 F.R.D. 225, 228 (D. Mass. 1997) (It is "possible to waive the privilege through disclosure.  That is, if a patient uses the privileged material as evidence herself, she may not then contend that the material is privileged."); Doe v. Ensey, 220 F.R.D. 422, 426 (M.D. Pa 2004) (voluntary disclosure of privileged material to third parties waives the psychotherapist-patient privilege).

With respect to the individual documents in this group, it is ordered as follows:

| | |
|---|---|
| C | Depending on the context in which this document is offered, it may be admissible for non-hearsay purposes, e.g., to establish motive.  Therefore, this court shall defer ruling on its admissibility at this time. |
| D | Depending on the context in which this document is offered, it may be admissible for non-hearsay purposes, e.g., to establish motive.  Therefore, this court shall defer ruling on its admissibility at this time. |
| E | Depending on the context in which this document is offered, it may be admissible for non-hearsay purposes, e.g., to establish motive.  Therefore, this court shall defer ruling on its admissibility at this time. |
| F, G | Assuming that the plaintiff limits his claim to "garden variety emotional distress damages," these documents are inadmissible evidence of prior bad acts.  Fed. R. Evid. 404(a)(1). |
| H | This document contains irrelevant information and is not admissible. |
| I | References to drug use are irrelevant and inadmissible evidence of prior bad acts and may be redacted.  Depending on the context in which this document is offered, the rest of the document may be admissible for non-hearsay purposes, i.e., to establish motive.  Therefore, this court shall defer ruling on its admissibility at this time. |

| | |
|---|---|
| J | This document is irrelevant and inadmissible. |
| K | This document contains irrelevant information about the plaintiff's medical condition following the 2005 accident.  It is inadmissible. |
| L | This documents contains irrelevant information about the plaintiff's medical condition in 2006.  It is inadmissible. |
| M | This exhibit, which was not filed with the court, has been described as the Harbor Point Parking Rules and Regulations.  They are relevant to put the entire case in context and to the parties' knowledge and state of mind.  They are admissible. |
| N, O, P | These reports relate to the plaintiff's arrest in 2012, many years after the incident in question.  They contain hearsay and are inadmissible evidence of bad character or habit. |
| Q | This incident report relates to a 2008 encounter between the plaintiff and security at Harbor Point.  Depending on the context in which this document is offered, it may be admissible for non-hearsay purposes, e.g., to establish motive.  Therefore, this court shall defer ruling on its admissibility at this time. |
| R | This incident report relates to another 2008 encounter with security at Harbor Point.  It is unclear whether it relates to the plaintiff.  If it does, depending on the context in which this document is offered, it may be admissible for non-hearsay purposes, e.g., to establish motive.  Therefore, this court shall defer ruling on its admissibility at this time. |
| S | This is the incident report for the incident in question.  It appears to be admissible as a business record.  If this is disputed, the moving party may seek to establish an appropriate foundation. |
| T | This incident report relates to the delivery of an unspecified notice to the plaintiff's mother's unit.  It is irrelevant and not admissible. |
| U | This incident report relates to a complaint made by the plaintiff in 2010.  Depending on the context in which this document is offered, it may be admissible for non-hearsay purposes, e.g., to establish motive, or notice.  Therefore, this court shall defer ruling on its admissibility at this time. |

V	This incident report from November 9, 2010 purports to relate to the observation of marijuana being smoked in the plaintiff's car. It is inadmissible as evidence of bad character.

W	This incident report from November 11, 2010 purports to relate to the observation of "furtive hand movements" inside a car known to be owned by the plaintiff. It is inadmissible evidence of bad character.

X	This incident report from December 30, 2010 purports to relate to an encounter between the plaintiff and another security officer allegedly relating to plaintiff's drug use/business. Depending on the context in which this document is offered, it may be admissible for non-hearsay purposes, e.g., to establish motive. Therefore, this court shall defer ruling on its admissibility at this time.

Y	This is a demand letter sent by counsel for Ms. Margarita Chavez and her family to Harbor Point management relating to the contamination of their apartment with mold. It is dated July 7, 2004 and is irrelevant to the issues in this case, and therefore inadmissible.

Z-KK	These documents relate to various communications between management and Margarita Chavez, the plaintiff's mother. It is unclear why the defendants are seeking to introduce these documents. Since the context in which these documents are being introduced is relevant to their admissibility, this court shall defer ruling on their admissibility at this time.

LL	This is a form of release relating to the mold claim. It is irrelevant and inadmissible.

MM	These are copies of the plaintiff's academic transcript. Since the context in which these documents are being introduced is relevant to their admissibility, this court shall defer ruling on their admissibility at this time.

NN	This is a Boston Police incident report of June 8, 2008 indicating that the plaintiff was arrested for selling drugs. This report contains inadmissible evidence of bad character.

OO	This appears to be an FBI record of the plaintiff's arrests since 2005. It constitutes inadmissible evidence of bad character.

PP  This is a docket sheet from a Boston Municipal Court case apparently relating to the 2012 arrest of the plaintiff. It constitutes inadmissible evidence of bad character.

                   / s / Judith Gail Dein
                    Judith Gail Dein
                    U.S. Magistrate Judge

DATED:  November 14, 2013