UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN CHAVEZ,                          )
                                       )
            Plaintiff,                 )
      v.                               )          CIVIL ACTION
                                       )          NO. 12-10251-JGD
SPECIAL OFFICER ZACHOWSKI              )
and LONGWOOD SECURITY                  )
SERVICES, INC.,                        )
                                       )
            Defendants.                )

**ORDER REGARDING PLAINTIFF'S
CLAIMS PURSUANT TO 42 U.S.C. § 1983**

During the Final Pretrial Conference, this court directed the parties to address the

issue whether the plaintiff may pursue his claims brought pursuant to 42 U.S.C. § 1983

("Section 1983") in light of the fact that Special Officer Zachowski ("Zachowski") was

acting as a private security guard employed by a private security company at the time of

the incident giving rise to this case.  It also directed the parties to address whether the

defendants would be entitled to pursue an affirmative defense of qualified immunity in

the event Section 1983 applies.  The parties have addressed these issues in supplemental

filings with the court (See Docket Nos. 52, 56 and 60).  After consideration of the parties'

submissions, it is hereby ORDERED as follows:

A.      **Whether Zachowski Was Acting Under Color of State Law**

In order to prevail on a claim under Section 1983, the plaintiff must establish "(1)

that the conduct complained of has been committed under color of state law, and (ii) that

this conduct worked a denial of rights secured by the Constitution or laws of the United

States." Grant v. John Hancock Life Ins. Co., 183 F. Supp. 2d 344, 355 (D. Mass. 2002)

(quoting Martinez v. Colon, 54 F. 3d 980, 984 (1st Cir. 1995)).  This court understands

that the plaintiff is seeking to establish that Zachowski's conduct was performed under

color of state law based on two separate tests: the "public function test" and the "nexus"

test.  (See Docket No. 60).  "Under the public function test, a private party is deemed a

state actor if he or she exercised powers traditionally reserved exclusively to the state."

Chapman v. Higbee Co., 319 F. 3d 825, 833 (6th Cir. 2005).  See also Perkins v.

Londonderry Basketball Club, 196 F.3d 13, 19 (1st Cir. 1999) ("In order to prevail on [a

public function] theory, a plaintiff must show more than the mere performance of a public

function by a private entity; she must show that the function is one *exclusively* reserved to

the State").  "In order to prevail under the [nexus] test for state action, a plaintiff must

show 'a close nexus between the State and the challenged action of the [private] entity so

that the action of the latter may be fairly treated as that of the State itself.'"  Perkins, 196

F. 3d at 19 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42

L. Ed. 2d 477 (1974)).

Although it appears that the First Circuit has yet to address the precise issue,

courts in other jurisdictions have found that under certain circumstances, the actions of a

private security officer may be sufficient to satisfy one or both of these tests.  See, e.g.,

Romanski v. Detroit Entm't, LLC, 428 F. 3d 629, 638 (6th Cir. 2005) (finding that

private security officer was a state actor under the public function test where undisputed

facts showed that officer was licensed as a private security police officer under state law, was subject to certain statutes administered by department of state police, and had "the authority to make arrests at [his] discretion and for any offenses" at all times relevant to the case); Chapman, 319 F. 3d at 834-35 (concluding that a reasonable jury could find that store security officer's conduct in stopping and initiating strip search of plaintiff could fairly be attributable to the state under the nexus test where officer was an "off-duty sheriff's deputy, wearing his official sheriff's uniform, badge, and sidearm" during the incident in question, and officer was mandated by the store's policies and regulations to seek "police intervention in strip search situations"); Payton v. Rush-Presbyterian– St. Luke's Med. Ctr., 184 F. 3d 623, 630 (7th Cir. 1999) (finding that private security personnel who were licensed by the city as special police officers could be deemed state actors based on allegations showing that "no legal difference exists between the privately employed special officer with full powers and a regular Chicago police officer"). Significantly, however, the question whether a private security officer was acting under color of state law must be evaluated in light of the specific facts of the case. See Chapman, 319 F. 3d at 834 ("[t]he inquiry is fact-specific, and the presence of state action is determined on a case-by-case basis"); Grant, 183 F. Supp. 2d at 335 (resolving whether special police officer was acting under color of state law during the incident in question "requires an assessment of the totality of the circumstances" (quotations and citations omitted)). Moreover, while the general scope of the security officer's authority is relevant to the analysis, the critical issue for purposes of determining whether a

defendant was acting under color of state law "is whether the actor, at the time in

question, purposes to act in an official capacity or to exercise official responsibilities

pursuant to state law." Grant, 183 F. 2d at 356 (quoting Parrilla-Burgos v. Hernandez-

Rivera, 108 F.3d 445, 449 (1st Cir. 1997)) (additional quotations and citation omitted).

Therefore, the question whether Zachowski's actions are subject to scrutiny under

Section 1983 requires full development of the facts concerning his authority as a special

officer, and his use of that authority, at the time of the incident in question.

In light of the fact-intensive nature of the analysis, it would not be appropriate for

this court to resolve as a matter of law the question whether Zachowski was acting under

color of state law at the time of the events at issue.  Therefore, the matter will be

submitted to the jury for resolution following the parties' presentation of the evidence.

The parties may supplement their proposed jury instructions accordingly.

### B.    Qualified Immunity

The parties also dispute whether the defendants' status as a private security guard

and a private security agency precludes them from asserting a qualified immunity defense

to Section 1983 liability.  The plaintiff argues, based on the Supreme Court's decision in

Richardson v. McKnight, 521 U.S. 399, 117 S. Ct. 2100, 138 L. Ed. 2d 540 (1997) and

the First Circuit's decision in Downs v. Sawtelle, 574 F.2d 1 (1978), that the defendants

are precluded from pursuing such a defense.  The defendants argue that the immunity

question in Richardson was answered narrowly, in the specific context in which it arose,

and that it does not support the plaintiff's position that qualified immunity is unavailable

in this case.  The defendants further argue that Zachowski is entitled to qualified

immunity because "he had probable cause to arrest the Plaintiff for Disorderly Conduct"

and because his actions "in stopping and arresting the Plaintiff were reasonable."

(Docket No. 56 at 5-7).

The question whether a qualified immunity defense is available in this case is not

clear cut.  In Richardson, the case upon which the plaintiff primarily relies, the Supreme

Court held that private prison guards employed by a private firm that had been engaged

by Tennessee to manage its prisons were not entitled to claim qualified immunity from

suit by prisoners seeking to hold them liable under Section 1983.  Richardson, 521 U.S. at

401, 117 S. Ct. at 2102.  However, the Court issued a "caveat" in connection with its

opinion in which it observed that it had "answered the immunity question narrowly, in the

context in which it arose."  Id. at 413, 117 S. Ct. at 2108.  That context was "one in

which a private firm, systematically organized to assume a major lengthy administrative

task (managing an institution) with limited direct supervision by the government,

undertakes that task for profit and potentially in competition with other firms."  Id.  Thus,

the Court did not foreclose the possibility that qualified immunity might apply to private

individuals acting under a different set of circumstances.  See id. (noting that the case did

not "involve a private individual briefly associated with a government body, serving as an

adjunct to government in an essential government activity, or acting under close official

supervision").

In Downs v. Sawtelle, the other case on which the plaintiff relies, the First Circuit

determined that "a private individual shown to have acted in concert with state officials" could not rely on a defense of qualified immunity.  Downs, 574 F.2d at 15-16.  However, as the First Circuit subsequently explained, "*Downs* pre-dated *Lugar[v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)]* in which the Supreme Court at least suggested that qualified immunity is available to private individuals in certain situations[.]"  Rodriques v. Furtado, 950 F.2d 805, 814 n.11 (1st Cir. 1991).  Moreover, the First Circuit has held, in certain cases, that private individuals faced with claims under Section 1983 may assert a defense of qualified immunity.  See id. at 815 (finding that private physician was entitled to defense of qualified immunity where "he was pressed into service by the State"); Frazier v. Bailey, 957 F.2d 920, 928 (1st Cir. 1992) (finding that private individuals were entitled to raise a qualified immunity defense where the individuals, through their employers, "were under contract to perform duties statutorily required of the state").  Therefore, the relevant case law indicates that the question whether private defendants are entitled to rely on a qualified immunity defense is complex and should be evaluated in light of the particular relationship between those defendants and the state.

In light of the fact that no evidence has yet been presented in this case, and given the fact that the question whether Zachowski was acting under color of state law will be submitted to the jury, this court will defer ruling on the issue as to whether the defendants are entitled to pursue a defense of qualified immunity.  To the extent the jury determines that Zachowski was not acting under color of state law, or is not otherwise liable under

Section 1983, the issue of qualified immunity will become moot.  Should the immunity

issue remain open, this court will have an opportunity to evaluate it based on a fully

developed factual record.

       To the extent the defendants are seeking a ruling on the merits on their qualified

immunity defense, their request is premature.  Because the parties have yet to present any

evidence in this case, it is not possible to determine whether the defendant had probable

cause to arrest the plaintiff or whether his actions were reasonable.


                                       / s / Judith Gail Dein
                                    Judith Gail Dein

November 15, 2013                      United States Magistrate Judge