UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION (BOSTON)

| | |
|---|---|
| BRIAN CHAVEZ, <br>     Plaintiff <br><br> v. <br><br> SPECIAL OFFICER ZUKOWSKI <br> and LONGWOOD SECURITY <br> SERVICES, INC. <br>     Defendants | C.A. NO.: 1:12-10251 |

## DEFENDANTS', CHARLES ZUKOWSKI & LONGWOOD SECURITY, MOTION FOR DIRECTED VERDICT ON COUNT OF MALICIOUS PROSECUTION

Now come the Defendants, Charles Zukowski & Longwood Security Services, pursuant to Fed. R. Civ. P. 50(a) and respectfully request this Honorable Court to enter judgment on the behalf of the Defendants on the Plaintiff's claim of Malicious Prosecution.

For a public officer to transgress the Fourth Amendment through the initiation and pursuit of criminal charges, the prosecution of those charges must at a bare minimum have occasioned a depravation of liberty consistent with the concept of seizure. Nieves v. Sweeney, 241 F.3d at 54. However, no seizure was effectuated in the case at bar.

The Plaintiff was arrested without a warrant. Since a claim of malicious prosecution challenges a seizure made "pursuant to legal process," events taking place prior to the issuance of the criminal complaint are not considered. Nieves at 54. (in light of warrantless arrest, appellants have "the task of showing some post-arraignment deprivation of liberty, caused by the application of legal process, that approximates a Fourth Amendment seizure"). See also Calero–Colon v. Betancourt–Lebron, 68 F.3d 1, 3 (1st Cir.1995) ( "[t]he interest at stake in a malicious prosecution claim is the right to be free from

deprivations of liberty interests *caused by unjustifiable criminal charges and procedures* ") (emphasis added). However, in the case at bar, no criminal complaint was ever issued against the Plaintiff, and the Plaintiff was released shortly after his arrest. As a result, there is no evidence of a "seizure" to support a Fourth Amendment violation for purposes of a § 1983 Malicious Prosecution claim.

In Nieves, the arrestees were detained subject to a warrantless arrest, "the appellants were released on their own recognizance; they suffered the stress and anxiety of knowing not only that serious criminal charges were pending against them, but also that their reputations had been sullied; they appeared before the criminal court a number of times in the pretrial period; and they endured the trial." 241 F.3d at 54–55. Nevertheless, in Nieves, as in the instant case, "these strictures, in the aggregate," are insufficient to "constitute a Fourth Amendment seizure sufficient to ground a section 1983 malicious prosecution claim." Id. at 55.

In the case at bar, the Plaintiff never even faced the criminal charges related to his November 24, 2008 conduct. After he was arrested, the Plaintiff was released to be summonsed to a clerk's hearing. Unlike the plaintiffs in Nieves, Chavez was never booked or arraigned on any criminal charge. A criminal complaint was never issued against the Plaintiff as the application for criminal complaint was dismissed without a hearing because Zukowski never received notice. As such, there are no facts to support the Plaintiff's claim that he was subjected to a Malicious Prosecution under § 1983 or under a state law claim.

In order to recover for a state law claim for Malicious Prosecution, the plaintiff must prove the following four elements by a fair preponderance of the credible evidence:

1. that the defendant instituted a prior criminal or civil proceeding against the plaintiff;
2. that the institution of the prior proceeding was done without probable cause;
3. that the institution of the prior proceeding was done with an improper purpose; and

4. that the prior proceeding terminated in favor of the plaintiff.

In the case at bar, the Plaintiff's claim fails as Zukowski both had probable cause to effect an arrest. The probable cause standard is a "relatively low threshold" for police officers to establish. Sientens v. Joseph, 283 F.Supp.2d 366, 375 (D. Mass. 2003). In the alternative, the Plaintiff's Malicious Prosecution claim fails because Zukowski had no formal role in the prosecutorial process. Morrissey v. Town of Agawam, 883 F.Supp.2d 300, 312 (2012). Zukowski did not submit the application for criminal complaint against the Plaintiff. Further, Zukowski never appeared for the clerk's hearing to advance any prosecution against the Plaintiff as he never received notice. As such, the Plaintiff has failed to offer evidence regarding the essential elements of a state law claim for Malicious Prosecution.

For the above-stated reasons, the Defendants, Charles Zukowski and Longwood Security Services, respectfully request this Honorable Court to enter judgment on their behalf on the Malicious Prosecution claim.

                                  THE DEFENDANTS,
                                  CHARLES ZUKOWSKI &
                                  LONGWOOD SECURITY SERVICES, INC.,
                                  BY THEIR ATTORNEYS,

Date: 11/20/2013           /s/ *Scott M. Carroll*
                                  Scott M. Carroll, BBO# 640852
                                  Patrick Driscoll, BBO# 669560
                                  Boyle, Shaughnessy & Campo, P.C.
                                  695 Atlantic Avenue
                                  Boston, MA 02111
                                  (617) 451-2000
                                  FAX: (617) 451-5775